**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHRIS SWARTWOUT, | DOCKET NUMBER |
| Appellant, | SF-0842-16-0307-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: November 16, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chris Swartwout, Laguna Hills, California, pro se.

Tynika Faison Johnson, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) finding that he was not entitled to an annuity.  Generally, we grant petitions such as this one

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        On October 1, 1986, the appellant, a Postal Carrier, began receiving benefits from the Office of Workers' Compensation Programs (OWCP) based on a mental disability, and he was placed on leave without pay.  Initial Appeal File (IAF), Tab 5 at 60, 67.  Beginning in 1988, he made inquiries about securing a refund of his retirement deductions.  *Id.* at 39-57.  OPM advised him that, because he was still on the rolls, receiving OWCP payments, his employing agency would not release his Individual Retirement Record to OPM, and that, if he wished to receive a refund, he would have to resign from his position.  *Id.* at 36.  On July 16, 1991, the appellant submitted his resignation "to free up these funds." *Id.* at 30.  On November 8, 1991, OPM authorized a refund of $5,250.43 which it sent to the appellant's address of record.  *Id.* at 18.  In 2015, the appellant applied for a deferred annuity.  *Id.* at 7.  In an initial decision, and then a final decision, OPM advised him that he had forfeited his eligibility for an annuity by having withdrawn his retirement deductions.  *Id.* at 6.

¶3        On appeal, the appellant argued that he was mentally unstable when he resigned and requested a refund of his retirement deductions, and that he never

received any counseling from his employing agency as to the implications of receiving such a refund, and, in fact, was misled into believing that there would be no adverse consequences.  IAF, Tab 1 at 2.  He requested a hearing.[2]  *Id.* at 1.

¶4          In his initial decision, the administrative judge found that an employee who has received a full refund of his retirement deductions is no longer eligible for an annuity, and may not redeposit those deductions unless and until he is reemployed.[3]  5 U.S.C. § 8342(a); IAF, Tab 14, Initial Decision (ID) at 2.  The administrative judge duly considered the appellant's challenges to OPM's final decision, beginning with his claim of having "no recollection" of ever receiving the refund of his retirement deductions.  The administrative judge found that the evidence submitted by the agency, records compiled in the ordinary course of business, show that a voucher was issued authorizing payment to the appellant in the amount of $5,250.43, that a check for that amount was issued to him on November 5, 1991, that there is no evidence that it was returned, that the Department of the Treasury no longer has its actual records from 1991, and that the appellant did not question OPM about his nonreceipt of the funds until 2015.  ID at 2.  Weighing the agency's records and documentary evidence against the appellant's unsupported assertions, the administrative judge found that he failed to prove that he did not receive a refund of his retirement deductions in 1991.  ID at 2-3.

¶5          Next, the administrative judge addressed the appellant's claim that his employing agency did not counsel him about the consequences of his decision to withdraw his retirement deductions.  The administrative judge found that the forms the appellant signed clearly advised him that withdrawal of his retirement deductions would void his right to an annuity, and that, in any event, OPM cannot

---

[2] During the prehearing conference, the appellant withdrew his hearing request.  IAF, Tab 11.

[3] The administrative judge found, and it is not contested, that the appellant was never reemployed.  IAF, Tab 14, Initial Decision (ID) at 2.

be estopped from denying benefits not otherwise permitted by law, even if an employee is misled by a Government official. ID at 4.

¶6 Finally, the administrative judge addressed the appellant's claim that he should not be bound by his decision to resign and withdraw his retirement deductions because he was mentally unstable at the time.[4] As noted, the administrative judge found that the forms the appellant signed were clear, ID at 4, and, after examining his medical evidence, found that he was not adjudged to be incompetent and that no guardian was appointed for him, ID at 4-5. The administrative judge also considered that the appellant had doggedly pursued a refund of his retirement deductions from 1988-1991, writing cogent letters to his congressman and to the President on the issue. ID at 5. The administrative judge concluded that there was no evidence showing that the appellant's mental condition prevented him from understanding that a refund would void his right to an annuity and that, even if there were, the Board is not authorized to waive statutorily mandated requirements for annuity entitlement, *see Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990) (finding that the Government cannot be estopped from denying benefits not otherwise permitted by law even if the claimant was denied monetary benefits because of his reliance on the mistaken advice of a Government official); ID at 5-6. Concluding that the appellant did not establish his entitlement to an annuity, ID at 6, the administrative judge affirmed OPM's decision, ID at 2, 6.

¶7 On review, the appellant disputes the administrative judge's finding that his mental condition at the time he decided to resign and withdraw his retirement deductions was not such as to render void those decisions.[5] Petition for Review

---

[4] OWCP placed the appellant on total disability after he was diagnosed with a mental health issue. IAF, Tab 8, Subtab I.

[5] On review, the appellant does not dispute the finding that he failed to prove that he did not receive a refund of his retirement deductions in 1991, ID at 3-4, and we discern no error in the administrative judge's finding, *see Sosa v. Office of Personnel Management*, 76 M.S.P.R. 683, 685-86 (1997); *Rint v. Office of Personnel Management*,

(PFR) File, Tab 1 at 1-2. In support of his finding, the administrative judge relied upon an implicit finding in *Yarbrough v. Office of Personnel Management*, 770 F.2d 1056 (Fed. Cir. 1985), wherein our reviewing court allowed for the possibility that mental incompetence could invalidate an employee's decision to seek a refund of her retirement contributions, a decision that would otherwise extinguish her right to an annuity. In agreeing with the Board's finding in that case that the employee did not establish that she was incompetent, the court considered the explanation on the form she signed that receipt of a refund would forfeit her right to an annuity, the tenor of her written inquiry to the Civil Service Commission regarding her eligibility for payments and the response, and the fact that, although she had earlier been admitted to a state hospital, no guardian was ever appointed for her and she was not formally adjudicated incompetent. *Id.* at 1060. The administrative judge in this case considered these same factors in determining that the appellant did not establish that he was incompetent at the time he resigned and sought a refund of his retirement deductions. ID at 4-6. Although the appellant questions whether these factors are appropriate for consideration, PFR File, Tab 1 at 1, decisions of the U.S. Court of Appeals for the Federal Circuit are controlling authority for the Board,[6] *Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶ 12 (2009).

---

48 M.S.P.R. 69, 72, *aff'd*, 950 F.2d 731 (Fed. Cir. 1991) (Table). The appellant does, on review, dispute the finding that he failed to show he was not made aware of and/or was misled regarding the ramifications of his decision to withdraw his retirement deductions. PFR File, Tab 1 at 1. However, his mere disagreement with the administrative judge's well-reasoned findings on this point does not provide a basis for us to reweigh the evidence or substitute our assessment of the evidence for that of the administrative judge. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997).

[6] The appellant argues that the court's decision in *Yarbrough* should have been applied more leniently in this case because of his status as a pro se litigant. PFR File, Tab 1 at 2. However, any consideration that the Board affords pro se appellants as they pursue their appeals does not, as he suggests, extend to "a less strict interpretation of the law."

¶8     The appellant further argues that the administrative judge did not consider all the medical evidence he submitted. PFR File, Tab 1 at 1. However, the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Moreover, medical opinions that, in 1988 and 1992, the appellant suffered from serious mental illness and that his condition resulted in faulty reasoning and judgment, IAF, Tab 8, Subtab F; IAF, Tab 10, Subtab E, and that, in 1996, he experienced all normal and possible stressful life situations as overwhelming conditions that rendered him incapacitated for months, IAF, Tab 8, Subtab J, does not establish that he was incompetent in 1991 when he resigned in order to receive a refund of his retirement deductions. In sum, the appellant has not shown error by the administrative judge in finding that the appellant did not establish by preponderant evidence that his medical condition prevented him from understanding that his receipt of a refund of his retirement deductions upon his resignation would preclude him from later receiving an annuity, *see Yarbrough*, 770 F.2d at 1060-61; that, because he requested and received such a refund, he is not entitled to an annuity,[7] *see* 5 U.S.C. § 8342(a); and that the result is the same even if he relied on the mistaken advice of a Government official, *see Richmond*, 496 U.S. at 416.

¶9     The appellant argues on review that he was disadvantaged in presenting his appeal because he lacked knowledge of and access to Board decisions. PFR File,

---

[7] The Board has held that the erroneous payment of a lump-sum refund cannot void an appellant's entitlement to an annuity to which he is otherwise entitled, and that, if he can establish that he was entitled to a retirement annuity at the time of his separation from service, he would not have been lawfully entitled to receive a lump-sum payment of his retirement deductions and the erroneous refund would not preclude him from receiving an annuity. *See* 5 U.S.C. § 8342(a)(1)(B)(4); *Wadley v. Office of Personnel Management*, 103 M.S.P.R. 227, ¶ 11 (2006). However, the appellant here does not suggest, nor does the evidence reflect, that he was entitled to an annuity at the time he separated from service in 1991 at age 42, given that he entered on duty in 1978 at age 29. 5 U.S.C. § 8336; IAF, Tab 5 at 66-67.

Tab 1 at 2. To the extent the appellant is suggesting that he was hampered by proceeding without legal representation, that was his choice. Moreover, as the appellant was advised, Board decisions are posted to the Board's public website. PFR File, Tab 2 at 12.

¶10 Finally, the appellant argues that the administrative judge improperly allowed the agency to submit its response late and to submit additional documentation after the prehearing conference. PFR File, Tab 1 at 2. The record reflects that, in his February 23, 2016 acknowledgment order, the administrative judge directed the agency to file its response to the appeal within 20 days of the date of the order. IAF, Tab 2 at 7. When the agency failed to do so, the administrative judge ordered the agency to file its response no later than 7 days from the date of the April 11, 2016 order or face the imposition of sanctions. IAF, Tab 3. The agency filed its response 2 days later. IAF, Tab 5. As noted, the appellant withdrew his hearing request during the May 10, 2016 prehearing conference. IAF, Tab 11. The administrative judge indicated that the agency would be submitting one additional document, after which he would issue an initial decision. *Id.* The agency did submit one document on May 11, 2016, IAF, Tab 13, and the administrative judge then issued his initial decision, IAF, Tab 14.

¶11 Administrative judges have all powers necessary to conduct fair and impartial proceedings and to issue timely and clear decisions based on statutes and legal precedent, unless those powers are otherwise limited by law. 5 C.F.R. § 1201.41(b). Those powers include the authority to ensure that the record on significant issues is fully developed. 5 C.F.R. § 1201.41(b)(5)(iii). The Board ordinarily will not reverse an administrative judge's rulings regulating the proceedings absent an abuse of discretion. *See Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶ 5 (2012). The appellant has not shown how the administrative judge's rulings in this case regarding the submission of evidence amounted to an abuse of discretion.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.